|  |  |
|---|---|
| CADE COTHREN AND AVA KORBY, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CIVIL ACTION NO. |
| THE LITTLE MINT, INC.; MOON UNIT, INC.; and KENNETH K. MOORE, ) ) ) ) ) | **COMPLAINT AND JURY DEMAND** |
| Defendants. ) ) | |

## COMPLAINT

**NOW COME**, Plaintiffs, Cade Cothren and Ava Korby (collectively, the "Plaintiffs"), and hereby commence this action against their former employers The Little Mint, Inc. (hereinafter "Little Mint") and Moon Unit, Inc. (hereinafter "Moon Unit") and their former supervisor, Kenneth K. Moore (hereinafter "Mr. Moore") (collectively, the "Defendants"), for the failure to pay earned minimum and overtime wages in violation of the Fair Labor Standards Act ("FLSA"). Plaintiffs allege as follows:

### PRELIMINARY STATEMENT

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay Plaintiffs all earned minimum and overtime wages.

2. Plaintiffs are former employees of Defendants. Plaintiffs performed work for the Defendants for approximately fourteen months and were not compensated for any work performed during this time.

### PARTIES

3. Plaintiff, Cade Cothren ("Cade"), is an individual residing at 309 Church St., Apt 508, Nashville, TN 37201, and has been so at all times relevant to this matter.

4. Plaintiff, Ava Korby ("Ava"), is an individual residing at 309 Church St., Apt 508, Nashville, TN 37201 and has been so at all times relevant to this matter.

5. Within the three years preceding the filing of this action, Plaintiffs were employed by Defendants in various non-exempt positions.

6. At all relevant times, Plaintiffs were "employee[s]" within the meaning of 29 U.S.C. § 203(e).

7. Defendant, Little Mint, is a North Carolina corporation which operates a franchise enterprise doing business as HWY 55 Burgers Shakes & Fries with a principal office located at 102 Commercial Avenue, Mount Olive, North Carolina 28365-8695.

8. Little Mint does business within the State of Tennessee including the direct oversite and management of HWY 55 Burgers Shakes & Fries locations at 2193 N Main St, Crossville, Tennessee and 1373 Huntsville Hwy, Fayetteville, Tennessee.

9. Defendant, Moon Unit, is a North Carolina corporation with a principal office located at Kenneth Moore, 1373 Huntsville Hwy, Fayetteville, Tennessee.

10. Moon Unit does business within the State of Tennessee including the ownership, direct oversite and management of HWY 55 Burgers Shakes & Fries location at 2193 N Main St, Crossville, Tennessee 1375 Huntsville Hwy, Fayetteville, Tennessee.

11. Upon information and belief, Mr. Moore is the Chief Executive Officer of Moon Unit.

12. Defendant, Mr. Moore, was at all times relevant hereto the Founder and Chief Executive Officer of Little Mint. At all times relevant hereto, Mr. Moore had supervisory capacity

over the Plaintiffs and was the direct perpetrator and decision-maker with respect to the allegations made herein.

13. At all times relevant hereto, Mr. Moore was the President of Little Mint and Moon Unit and the primary decisionmaker regarding the business of Little Mint and Moon Unit as related to the employment of the Plaintiffs.

14. At all relevant times, Defendants individually and jointly comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

## JURISDICTION AND VENUE

15. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 as the claims plead herein arise from violations of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*). The Court has jurisdiction over the remaining Tennessee state law claims because the claims are so related to the Fair Labor Standards Act claims that this Court has original jurisdiction over that they form part of the same case or controversy.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because acts giving rise to the claims of Plaintiffs occurred within this district, Defendants regularly conduct business within the district, and Defendants have engaged in the wrongful conduct alleged herein within the district.

17. Plaintiffs in their work for Defendants were employed by an enterprise engaged in interstate commerce that had annual gross sales of at least $500,000.

## FACTUAL BACKGROUND

18. Plaintiff, Cade Cothren, was employed by Defendants beginning on March 1, 2021, and ending on May 5, 2022.

19. Plaintiff, Ava Korby, was employed by Defendants beginning on March 1, 2021, and ending on May 5, 2022.

20. Plaintiffs performed work for the Defendants in several non-exempt positions at HWY 55 Burgers Shakes & Fries stores in 2193 N Main St, Crossville, Tennessee and 1375 Huntsville Hwy, Fayetteville, Tennessee.

21. Plaintiffs were employed directly by Little Mint and Mr. Moore with respect to services they provided at the Crossville and Fayetteville locations.

22. At all times relevant hereto, Defendants employed and exercised direct control over the employment of the Plaintiffs.

23. Defendants shared the authority to hire, fire, and discipline the Plaintiffs.

24. Defendants shared operational control over significant aspects of the day-to-day functions of Plaintiffs, including supervising and controlling their schedule and conditions of employment.

25. Defendants shared authority to set rates and methods of compensation of employees, including Plaintiffs.

26. Defendants shared control and maintenance of employment records.

27. Defendants have shared and mutually benefitted from the work and services performed by Plaintiffs.

28. Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiffs.

29. Defendants acted directly or indirectly in the interest of each other in relation to the Plaintiffs.

30. Defendants failed to pay the Plaintiffs any compensation for the entirety of their employment, with the exception of $117.51 paid to Ava Korby.

31. Defendants failed to compensate Cade Cothren for at least 1,244.62 regular hours.

32. Defendants failed to compensate Cade Cothren for at least 339.84 overtime hours.

33. Defendants failed to compensate Ava Korby for at least 382.05 regular hours.

34. Defendants failed to compensate Ava Korby for at least 73.88 overtime hours.

35. Defendants knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COUNT I
## Violation of the Fair Labor Standards Act
## Unpaid Minimum Wages
## 29 U.S.C. § 201, *et seq.*

36. Plaintiffs, reallege and incorporate by reference all allegations in the preceding paragraphs.

37. Defendants have engaged in a pattern, policy, and practice of violating the FLSA, as detailed in the foregoing paragraphs.

38. At all relevant times herein, Plaintiffs have been employees of the Defendants, and Defendants have been individual and joint employers of the Plaintiffs within the meaning of the FLSA.

39. At all relevant times herein, Plaintiffs were engaged in commerce and/or production or sale of goods for commerce.

40. Defendants were required to pay Plaintiffs the applicable minimum wage for all work performed from their date of hire until the date of their termination.

41. Defendants failed to pay Plaintiffs the minimum hourly wages to which they are entitled under 29 U.S.C. § 206.

42. As a result of Defendants' violations of the FLSA, Plaintiffs are entitled to recover their unpaid minimum wages in amounts to be determined at trial, liquated damages equal in amount to the unpaid wages owed, reasonable attorneys' fees, and costs.

43. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages as described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

44. Defendants unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in the Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

## COUNT II
### Violation of the Fair Labor Standards Act
### Unpaid Overtime Premium Wages
### 29 U.S.C. § 201, *et seq.*

45. Plaintiffs, reallege and incorporate by reference all allegations in the preceding paragraphs.

46. The overtime provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, and the supporting federal regulations, apply to the Defendants and protect Plaintiffs.

47. Defendants failed to pay the Plaintiffs overtime for hours that they worked in excess of forty (40) hours in a workweek.

48. As a result of the Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

49. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium wages as described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

50. Defendants' unlawful conduct, as described in this Complaint, has been intentional and willful. Defendants were aware or should have been aware that the practices described in the Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

## COUNT IV
**Unjust Enrichment**

51. Plaintiffs, reallege and incorporate by reference all allegations in the preceding paragraphs.

52. The Plaintiffs have conferred a benefit on the Defendants by performing work and services on behalf of the Defendants.

53. The Defendants have appreciated the Plaintiffs work and services by receiving the fruits of the Plaintiffs labor.

54. The Defendants have appreciated the Plaintiffs work and services by accepting revenue and profits while the Plaintiffs were working and performing the services.

55. The Defendants acceptance of this benefit is inequitable without the Defendant paying the value of the work and services performed by the Plaintiffs.

56. The Plaintiffs expected the Defendants to pay the Plaintiffs for the work and services performed.

57. The Plaintiffs have been damaged by the Defendants unjust enrichment in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs, pray the Court grant the following relief:

1. A finding declaring the Plaintiffs as the prevailing parties in this action;

2. A finding that Defendants shall make the Plaintiffs whole for all damages suffered as a result of the wrongful acts and omissions alleged in each count herein, including, inter alia, unpaid wages, unpaid overtime premium wages, liquidated damages, costs, and attorney's fees;

3. Prejudgment and post judgment interest at the statutory rate;

4. An Order declaring that the acts and practices complained of herein are in violation of the Fair Labor Standards Act and an unjust enrichment;

5. Such other further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff claims trial by jury on all issues triable by right to a jury. Samuel C. Blink, Esq. is hereby designated as trial counsel.

    Respectfully Submitted,

    Plaintiffs, Cade Cothren and
    Ava Korby
    By their attorney,

    /s/ Samuel C. Blink
    Samuel C. Blink, TN Bar No. 36400
    DARROW EVERETT LLP
    Fifth Third Center
    424 Church Street, Suite 2000
    Nashville, TN 37219
    (401) 453 – 1200 ext. 305
    sblink@darroweverett.com