IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CADE COTHREN AND AVA KORBY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No.: 3:22-cv-00985-WLC-BDH |
| ) | |
| THE LITTLE MINT, INC., MOON UNIT, INC. ) | |
| and KENNETH K. MOORE, ) | |
| ) | |
| Defendants. ) | |

## ANSWER TO COMPLAINT

Come now Defendants The Little Mint, Inc. ("Little Mint"), Moon Unit, Inc. ("Moon Unit"), and Kenneth K. Moore ("Mr. Moore") (collectively "Defendants"), by and through counsel, and file this, their Answer to Plaintiffs' Complaint. Defendants deny that they have committed any wrongful act toward Plaintiffs and that they are liable to Plaintiffs on any theory alleged in the Complaint or otherwise. In response to the individually numbered paragraphs of the Complaint, Defendants state as follows:

## PRELIMINARY STATEMENT

1. In response to Paragraph 1 of the Complaint, Defendants admit that Plaintiffs purport to bring this action pursuant to the Fair Labor Standards Act. Defendants deny that they are liable to Plaintiffs under the Fair Labor Standards Act or any other theory and deny all remaining allegations contained in Paragraph 1 of the Complaint.

2. In response to Paragraph 2 of the Complaint, Defendants admit that Plaintiff Ava Korby was employed by Moon Unit from approximately April 2021 to September 2021. Defendants deny all remaining allegations contained in Paragraph 2 of the Complaint.

## PARTIES

3. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 3 of the Complaint and therefore deny same.

4. Defendants are without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 4 of the Complaint and therefore deny same.

5. In response to Paragraph 5 of the Complaint, Defendants admit that Plaintiff Ava Korby was employed by Moon Unit from approximately April 2021 to September 2021. Defendants deny all remaining allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains a legal conclusion to which no response is required. To the extent Paragraph 6 of the Complaint contains any factual allegations they are denied.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint.

8. In response to Paragraph 8 of the Complaint, Defendants admit that Little Mint does business within the State of Tennessee through Hwy 55 Burgers Shakes & Fries restaurants located in Crossville and Fayetteville, among other locations. Defendants deny all remaining allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit that Moon Unit is a North Carolina corporation. Defendants deny all remaining allegations contained in Paragraph 9 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Defendants admit that Moon Unit does business within the State of Tennessee through Hwy 55 Burger Shakes & Fries restaurants located in Crossville and Fayetteville, among other locations. Defendants deny all remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. In response to Paragraph 12 of the Complaint, Defendants admit that Mr. Moore is the Founder and Chief Executive Officer of Little Mint. Defendants deny all remaining allegations contained in Paragraph 12 of the Complaint.

13. In response to Paragraph 13 of the Complaint, Defendants admit that Mr. Moore is the President of Little Mint and Moon Unit. Defendants deny all remaining allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 contains a legal conclusion to which no response is required. To the extent Paragraph 14 contains any factual allegations, they are denied.

## JURISDICTION AND VENUE

15. Paragraph 15 contains a legal conclusion to which no response is required. To the extent Paragraph 15 contains any factual allegations they are denied.

16. Paragraph 16 contains a legal conclusion to which no response is required. To the extent Paragraph 16 contains any factual allegations they are denied.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## BACKGROUND

18. Defendants deny the allegations contained in Paragraph 18 of the Complaint.

19. In response to Paragraph 19 of the Complaint, Defendants admit that Plaintiff Ava Korby was employed by Moon Unit from approximately April 2021 to September 2021. Defendants deny all remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

## COUNT I

**Violation of the Fair Labor Standards Act**
**Unpaid Minimum Wages**
**29 U.S.C. § 201,** *et seq.*

36. Defendants incorporate their responses to Paragraphs 1-35 of the Complaint as if set forth fully herein.

37. Defendants deny the allegations contained in Paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in Paragraph 38 of the Complaint.

39. Paragraph 39 contains a legal conclusion to which no response is required. To the extent Paragraph 39 contains any factual allegations they are denied.

40. Paragraph 40 contains a legal conclusion to which no response is required. To the extent Paragraph 40 contains any factual allegations, they are denied.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

## COUNT II

### Violation of the Fair Labor Standards Act
### Unpaid Premium Overtime Wages
### 29 U.S.C. § 201, et seq.

45. Defendants incorporate their responses to Paragraphs 1-44 of the Complaint as if set forth fully herein.

46. Paragraph 46 of the Complaint contains a legal conclusion to which no response is required. To the extent Paragraph 46 of the Complaint contains any factual allegations they are denied.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

## COUNT III

### Unjust Enrichment

51. Defendants incorporate their responses to Paragraphs 1-50 of the Complaint as if set forth fully herein.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint

# PRAYER FOR RELIEF

58. Defendants deny that Plaintiffs are entitled to any relief, either legal or equitable, including the relief sought in Sections (1)-(5) of the WHEREFORE Paragraph in Plaintiffs' Prayer for Relief.

59. Any allegations not previously admitted or denied are hereby denied as if set forth specifically.

Now, having fully answered Plaintiffs' Complaint, Defendants show the Court the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, based on unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, based on waiver and/or estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Defendants invoke the defenses, protections, and limitations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA").

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, because Defendants were not Plaintiffs' employer, as defined by the FLSA.

### SIXTH AFFIRMATIVE DEFENSE

At all times Defendants acted in good faith and had reasonable grounds for believing their actions were compliant with the FLSA.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants did not know or show reckless disregard for whether their alleged conduct was prohibited by the FLSA.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek recovery for time that is not compensable time under the FLSA.

### NINTH AFFIRMATIVE DEFENSE

In the alternative, Defendants are entitled to off-set monies or other consideration paid or provided to Plaintiffs for periods in which Plaintiffs were not engaged to work.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' action is barred, in whole or in part, because they seek to recover for time that is *de minimis* work time and thus not compensable under the FLSA.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were compensated for all hours that they reported that they worked for any of the Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Mr. Moore are barred, in whole or in part, because Mr. Moore did not exercise the requisite operational control over Plaintiffs' employer or its pay practices and policies to be subject to individual liability under the FLSA.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may have failed to mitigate their alleged damages. Accordingly, Plaintiffs may be barred, in whole or in part, from recovering damages.

### RIGHT TO AMEND

Defendants' defense of this matter is ongoing. Accordingly, Defendants reserve the right to amend their Answer, including, but not limited to, the right to assert additional affirmative defenses, as may be necessary through the case.

WHEREFORE, PREMISES CONSIDERED, Defendants pray for judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by their Complaint and that the Complaint be dismissed in its entirety;

2. That Court costs be taxed against Plaintiffs;

3. That Defendants be awarded their costs and attorneys' fees incurred in defending this case; and

4. That Defendants be awarded such further and general relief to which they may be entitled.

Respectfully submitted this 13th day of March, 2023.

        **WOOLF, McCLANE, BRIGHT,**
          **ALLEN & CARPENTER, PLLC**

        *s/ J. Chadwick Hatmaker*
        J. Chadwick Hatmaker (BPR # 018693)
        Kaitlyn E. Hutcherson (BPR # 035188)
        Post Office Box 900
        Knoxville, TN 37901
        Tel: (865) 215-1000
        Fax: (865) 215-1001
        chatmaker@wmbac.com
        khutcherson@wmbac.com
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on March 13, 2023 a copy of the foregoing Answer to Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*s/ J. Chadwick Hatmaker*